NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBIDIA ALBERTINA GUZMAN-HERNANDEZ; JOSSELYN ANDREA LOPEZ GUZMAN; DANNY JOSUE LOPEZ GUZMAN, | No. 17-73156 |
| Petitioners, | Agency Nos. A208-675-611 A208-675-612 A208-675-613 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2023**
Pasadena, California

Before: CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

Rubidia Albertina Guzman-Hernandez and her two derivative applicant

children, Josselyn Andrea Lopez Guzman and Danny Josue Lopez Guzman

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(together, Petitioners), petition for review of a Board of Immigration Appeals (BIA) decision dismissing their appeal from an order of an immigration judge (IJ) denying their applications for asylum, withholding of removal, and relief under the Immigration and Nationality Act and the Convention Against Torture (CAT). Petitioners are citizens of El Salvador. We have jurisdiction under 8 U.S.C. § 1252. As the BIA did not adopt or rely on the IJ's decision, we review only the BIA's decision. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020). We deny the petition for review.

1.      "[T]he failure of [a notice to appear (NTA)] to include time and date information does not deprive the immigration court of subject matter jurisdiction." *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc). The IJ thus had jurisdiction over Petitioners' case even though they were served with NTAs that did not specify the time or date of their initial hearing.

2.      Substantial evidence supports the agency's denial of asylum and withholding of removal based on Petitioners' failure to show past persecution or a well-founded fear of future persecution. Guzman-Hernandez argues that she experienced past persecution because she was the victim of death threats by gang members.[1] But substantial evidence, including Guzman-Hernandez's own

---

[1] We do not have jurisdiction to consider Guzman-Hernandez's additional arguments on appeal about sexual assault and rape amounting to past persecution, as she did not raise them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674,

testimony that she was never harmed even after she affirmatively confronted a gang member, supports the BIA's determination that those threats did not rise "to the level of persecution." *See Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000) (unfulfilled threats, without more, "constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm" (cleaned up)).

Guzman-Hernandez also argues that she has a well-founded fear of future persecution due to the death threats and current gang violence in El Salvador. Substantial evidence supports the BIA's determination that Guzman-Hernandez has not presented "a reasonably objective well-founded fear of persecution," as the gang member only told Guzman-Hernandez that "[i]f you don't like it you already know," and did not attempt to cause her any harm. *See Sharma v. Garland*, 9 F.4th 1052, 1065–66 (9th Cir. 2021) ("vague threats that led to no harm" are insufficient to compel the conclusion that alleged persecutors would have a continuing interest in Petitioner). And "a generalized or random possibility of persecution" due to country conditions is not sufficient to establish a well-founded fear of future persecution. *Singh v. I.N.S.*, 134 F.3d 962, 967 (9th Cir. 1998).

---

678 (9th Cir. 2004) (no subject-matter jurisdiction over legal claims "not presented in administrative proceedings below"). In any event, Petitioners do not point to any evidence that Guzman-Hernandez was sexually assaulted or raped.

3.     Substantial evidence supports the BIA's conclusion that Petitioners do not qualify for CAT relief. Petitioners point to country condition reports discussing violence by public officials and the military in El Salvador. But generalized evidence of violence in a country is insufficient to prove that a specific individual faces a likelihood of mistreatment rising to the level of torture. *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (submitted country reports were insufficient to establish eligibility for CAT relief because they did not indicate any particularized risk of torture).

**PETITION DENIED.**